UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**NORRINE JELLEN,**
    Plaintiff,

vs.

**PERFORMANT RECOVERY, INC.;** and
**DOES 1 through 10, inclusive,**
    Defendant.

**Civil Action No.**

## COMPLAINT AND DEMAND FOR JURY TRIAL

### *I.  INTRODUCTION*

1. This is an action for actual and statutory damages brought by plaintiff Norrine Jellen (hereinafter "Plaintiff"), an individual consumer, against defendant Performant Recovery, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### *II.  JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 and § 1331. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### *III.  PARTIES*

3. Plaintiff, Norrine Jellen is a consumer, a natural person allegedly obligated to pay any debt, residing in Du Page County, in the state of Illinois.

4. Defendant, Performant Recovery, Inc., is a foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in the state of California. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. Upon information and belief, within one year prior to the filing of this complaint, Defendant called Plaintiff; seeking and demanding payment for an alleged consumer debt owed under an account number.

7. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff sometime prior to September 24, 2012.

9. Upon information and belief, within one year prior to the filing of this complaint, Defendant lied to and/or made misleading statement(s) to Plaintiff, threatening that it would sue Plaintiff itself, when it cannot do so, as it does not have the requisite legal standing to do so.

10. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in her feeling stressed, amongst other negative emotions.

11. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff.

## V. CLAIM FOR RELIEF

12. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

13. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

> (a) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and
>
> (b) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and
>
> (c) Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and
>
> (d) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take.

14. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

15. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Norrine Jellen for actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff Norrine Jellen respectfully requests that judgment be entered against defendant Performant Recovery, Inc. for the following:

A. Actual damages from each Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, in an amount to be determined at trial and for Plaintiff.

B. Statutory damages pursuant to 15 U.S.C. § 1692k.

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

D. For such other and further relief as the Court may deem just and proper.

DATED: February 8, 2013

RESPECTFULLY SUBMITTED,
By: /s/ Peter Cozmyk            .
Peter Cozmyk, Esq. (Ohio Bar # 0078862)
Cozmyk Law Offices, LLC
6100 Oak Tree Blvd.
Suite 200, Room #209
Independence, OH 44131
pcozmyk@hotmail.com
P: 440-292-7672

*Attorney for Plaintiff,*
*Norrine Jellen*

### DEMAND FOR JURY TRIAL

Please take notice that plaintiff Norrine Jellen demands trial by jury in this action.

4